

**U.S. Department of Justice**
*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 24, 2024

Cara McNamara
Assistant Federal Public Defender
Office of the Federal Public Defender
51 Sleeper Street
Boston, Mass
cara_mcnamara@fd.org

> Re:     United States v. Nicholas Carle
>         Criminal No. 1:23-cr-10113-RGS

Dear Attorney McNamara:

The Acting United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Nicholas Carle ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.     Change of Plea

At the earliest practicable date, Defendant will plead guilty to count one of the Indictment: Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Indictment, did so knowingly, and is in fact guilty of that offense.

Defendant agrees to the accuracy of the attached statement of facts.

2.     Penalties

Defendant faces the following maximum penalties on the count of the Indictment: incarceration for 15 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

1

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 17.

     a)    Defendant's base offense level is 14, because Defendant was a prohibited person at the time the defendant committed the instant offense, in accordance with USSG § 2K2.1(a)(6);

     b)    Defendant's offense level is increased by 2, because the firearm was stolen, in accordance with USSG § 2K2.1(b)(4);

     c)    Defendant's offense level is increased by 4, because Defendant possessed the ammunition in connection with another felony offense, in accordance with USSG § 2K2.1(b)(6)(B); and

     d)    Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.     Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a)  incarceration within the Guidelines sentencing range as calculated by the Court at sentencing;

b)  a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c)  36 months of supervised release;

d)  a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e)  forfeiture as set forth in Paragraph 6.

The parties agree that Defendant may recommend any sentence he deems appropriate.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.     Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a)  Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b)  Defendant will not challenge Defendant's sentence, including any court orders

related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.      Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a.   A Smith & Wesson revolver, serial number 27786; and
b.   Six (6) .357 Magnum caliber cartridges.

Defendant admits that these assets are subject to forfeiture on the grounds they were involved in Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture

4

are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.      Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10.     Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*       *       *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney William F. Abely and Assistant U.S. Attorney Julien M. Mundele.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By:    TIMOTHY MORAN    Digitally signed by TIMOTHY MORAN
Date: 2024.07.22 16:54:27 -04'00'

Timothy E. Moran
Chief,  Organized Crime and Gang Unit


William F. Abely
Julien M. Mundele
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Nicholas Carle
Defendant

Date: _9/17/2024_

I certify that Nicholas Carle has read this Agreement and that we have discussed what it means. I believe Nicholas Carle understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Cara McNamara
Assistant Federal Public Defender
Attorney for Defendant

Date: _9·17·24_

8

**Statement of Facts**

1. On December 18, 2022, a Massachusetts State Police ("MSP") Trooper in Brockton conducted a traffic stop of a vehicle driven by the Defendant after observing him make an abrupt turn that forced the Trooper to brake to avoid a collision.

2. Subsequently, the Trooper asked the Defendant to step outside of the vehicle, and he proceeded to do so, but pushed past the Trooper and ran. The Trooper attempted to grab the Defendant's winter coat, and the Defendant shed the coat, which dropped to the ground. Troopers took the Defendant to the ground a short distance later.

3. Another Trooper examined the coat that had fallen to the ground, and located a Smith & Wesson .357 revolver, loaded with six rounds of ammunition. The Trooper's body camera footage shows a Trooper finding the firearm sticking out of the Defendant's coat on the ground.

4. Troopers requested a tow and conducted an inventory of the vehicle that the Defendant had been driving. Troopers located a duffle bag in the trunk that contained approximately 2.5 pounds of a substance that appeared to be marijuana.

5. Troopers examined the firearm and learned that it had been stolen out of Washington State in 2003. An expert with the Bureau of Alcohol, Tabacco, Firearms, and Explosives examined the markings on the ammunition and determined that it was not manufactured within Massachusetts.

6. Defendant's prior felony convictions include a 2015 conviction in Suffolk Superior Count for Possession of a Firearm without a Permit (Case 1484CR10973), for which Defendant was sentenced to 6 years to 6 years and 1 day committed.