UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-cr-10113-RGS |
| | ) | |
| NICHOLAS CARLE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant was unlawfully in possession of a firearm and ammunition at the time that

he was subject to state court probation for illegally possessing a firearm and had a pending case

in the Lynn District Court for possessing with the intend to distribute a Class B drug (cocaine).

On two separate occasions the defendant was convicted in Suffolk Superior Court of unlawfully

possessing a firearm and ammunition.  This is now the defendant's third conviction related to

unlawful possession of a firearm and ammunition.  The defendant's obsession with firearms is

illegal, it is dangerous, and he should be punished to deter him from further involvement with

firearms and ammunition. For the reasons discussed herein, the government recommends a

sentence within the advisory guideline sentencing range, 42 months of imprisonment followed

by three years of supervised release.

## I.    ADVISORY SENTENCING GUIDELINES

The government agrees with the guideline calculations determined in the PSR. The

defendant's prior felony convictions, including a 2015 conviction in Suffolk Superior Court for

Possession of a Firearm without a Permit (Case 1484CR10973), for which he was sentenced to 6

years to 6 years and 1 day committed, prohibits him from being in possession of a firearm,

resulting in a base offense level of 14. The defendant receives a two-level increase because the firearm was stolen out of Washington state in 2003. PSR ¶ 5. The defendant receives a four-level increase because he possessed the ammunition in connection with another felony, drug distribution. PSR ¶ 5. The defendant is afforded a three-level reduction for his acceptance of responsibility and timely notifying authorities of his intention to enter a plea of guilty. The total offense level is 17. PSR ¶ 5. The defendant's prior convictions result in him being in criminal history category IV. PSR ¶ 12. The advisory guideline sentencing range is 37 to 46 months. PSR ¶ 20.

## II.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consideration of the § 3553(a) factors demonstrates that a sentence within the advisory guideline sentencing range is sufficient, but no greater than necessary, to address the defendant's offense conduct and his serious criminal history.  A sentence of 42 months adequately meets the goals of sentencing.

### A.    Nature of the Offense

The defendant was on probation for illegally possessing a firearm and had an open case for possessing with the intend to distribute cocaine out of the Lynn District Court, he had twice been convicted of possession of a firearm and ammunition in Suffolk Superior Court, in 2010 and 2015. He knew very well that he was not permitted to possess a firearm or ammunition. Yet, he could not resist the allure and attraction of having a firearm and ammunition, while also being in the possession of approximately 2.5 pounds of marijuana.

The defendant's conduct put the public, the responding Troopers and himself at risk. During the traffic stop, when the defendant was asked to step outside of his car he proceeded to do so, but while holding a firearm in his coat pocket, he pushed past an armed Trooper and ran.

The Trooper attempted to grab the defendant's coat, and the defendant shed the coat, which dropped to the ground, along with his firearm which could have accidentally discharged, potentially injuring people in the residential area, the Trooper, or himself. Furthermore, the Trooper who stopped the defendant dislocated his finger when bringing the defendant to the ground.

B.      **Characteristics of the Defendant**

The government makes its recommendation considering the defendant's history of violence, drug possession, lifestyle of illegal gun possession, and frequent interaction with the criminal justice system. The defendant is 36 years old and has a criminal history with convictions that span 20 years. PSR ¶ 6. This includes multiple convictions for possession of firearms and ammunition, as well as violent offences such as armed robbery, assault and battery on a police officer, and assault and battery with a dangerous weapon (firearm) resulting in serious bodily injury. *See Generally* PSR ¶ 6-11.   As a result of this conduct the defendant has spent the majority of is adulthood incarcerated and on probation.

Sadly, the defendant has been a victim of violence himself, which undoubtedly is a contributing factor in the defendant's criminal history, however it does not justify his behavior. In July 2022, six-months prior to this offence, the defendant was shot and was in a coma for three days. The defendant was hospitalized at the Boston Medical Center in Boston, Massachusetts. He received 69 stitches on his chest from the injury that he sustained. Blood clots formed from the surgery, which prompted the surgeons to remove a piece of an artery from his right inner thigh to place into his chest. PSR ¶ 16-17. According to a November 2023 Indictment in Suffolk County Superior Court, on November 9, 2022, a few weeks prior to his arrest on this

3

matter, the defendant is alleged to have shot and killed an individual. PSR ¶ 12. The case is pending and is set for a jury trial on November 12, 2025.

The defendant has demonstrated the ability and desire to work and seek higher education, but those goals have seemingly been interrupted by conduct that has resulted in the defendant's repeated involvement in the criminal justice system. The defendant graduated from High School and took some classes at Bunker Hill Community College and Northern Essex Community College. At various times, although for brief periods, the defendant was employed in retail, and in the culinary industry. PSR ¶ 17-18. The defendant would be served well to take advantage of any remaining time incarcerated in state or federal custody to establish a plan to end this cycle of criminal behavior if he is released. The government further recommends three years of supervised release, because the defendant can benefit from the supervisions and direction of the U.S. Probation Office upon his release.

**C.     Specific and General Deterrence**

A significant sentence of imprisonment is warranted to deter the defendant from continuing to engage in criminal conduct. A sentence of 42 months is necessary to specifically deter this defendant from continued criminal behavior in the future.  In making this recommendation, the government is cognizant of the defendant's personal history and history of trauma as an adult and as a childhood.  However, his trauma does not permit the defendant to intimidate his community or engage in dangerous and illegal gun possession.  A significant sentence will ensure that the defendant and others similarly situated to him know that illegal possession of ammunition will be met with harsh consequences.

4

## III.    CONCLUSION

The government's sentencing recommendation takes into account the various factors set forth in § 3553(a) and the sentencing guidelines.  The United States recommends that the Court sentence the defendant to 42 months in prison to be followed by three years of supervised release, and that the defendant be ordered to pay a mandatory special assessment of $100.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By:    */s/ Julien M. Mundele*
Julien M. Mundele
William F. Abely
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210

Dated:  January 15, 2025

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.


*/s/ Julien M. Mundele*
Julien M. Mundele
Assistant United States Attorney


Date: January 15, 2025